FILED
 2010 Jul-19  PM 02:40
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JAMES P. PRICE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. CV-08-S-1869-NW |
| | ) |
| NORTHWEST SHOALS | ) |
| COMMUNITY COLLEGE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

Plaintiff, James P. Price, filed a *pro se* complaint on October 9, 2008.[1] He subsequently amended his complaint on two occasions.[2] His Second Amended Complaint was filed *pro se* on March 6, 2009, and it named the following defendants: Northwest Shoals Community College ("the College"); Shelia Smith, the Director of Nursing Education at the College; Riverbend Center for Mental Health ("Riverbend"); and Ken Delano, an employee of Riverbend. Plaintiff's Second Amended Complaint appeared to assert federal claims pursuant to Titles II and III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"); the equal protection and due process clauses of the Fourteenth Amendment; the Fourth

---

[1] *See* doc. no. 1 (Complaint).

[2] *See* doc. no. 15 (Amended Complaint); doc. no. 28 (Second Amended Complaint).

Amendment right to privacy; 42 U.S.C. § 1985; and the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232(g) ("FERPA"), as well as state law claims for tortious interference with contract, breach of contract, negligence, and civil conspiracy. All of plaintiff's claims were based upon his dismissal as a student from the College's Associate Degree Nursing program ("ADN") due to an alleged violation of the College's drug testing policy.

The court entered a memorandum opinion and order on May 18, 2010, granting the motion for summary judgment filed by defendants Shelia Smith and Northwest Shoals Community College, and dismissing all of plaintiff's claims against those defendants.[3] The May 18, 2010 order also directed plaintiff and defendants Riverbend and Delano to file a joint report, detailing the status of plaintiff's claims against those defendants.[4] Riverbend and Delano filed a status report (without plaintiff's participation) on May 27, 2010, stating that plaintiff had not sought any discovery from them, and had not responded to any of the discovery requests they served upon him.[5] Due to plaintiff's failure to participate in the litigation against Riverbend and Delano, the court entered an order on May 27, 2010, requiring plaintiff

---

[3]Doc. no. 46. Plaintiff's federal claims against Smith and the College were dismissed with prejudice. Plaintiff's supplemental state law claims against those defendants were dismissed without prejudice. *Id.* at 35.

[4]*Id.*

[5]Doc. no. 48.

to show cause why his claims against those defendants should not be dismissed for failure to prosecute.[6]

Plaintiff responded to the show cause order on June 11, 2010, appearing for the first time through an attorney, Joel P. Jaqubino.[7] On the same date, plaintiff, through his new attorney, also filed a motion for reconsideration of the court's May 18 memorandum opinion and order dismissing his claims against Smith and the College.[8] Two weeks later, on June 25, 2010, defendants Riverbend and Delano filed a motion to dismiss plaintiff's claims against them for lack of prosecution.[9] This opinion addresses plaintiff's response to the court's show cause order, plaintiff's motion for reconsideration, and defendants' motion to dismiss for lack of prosecution.

**A.     Reconsideration of Order Dismissing Claims Against Smith and the College**

Plaintiff first requests this court to reconsider its May 18, 2010 memorandum opinion and order dismissing all claims against Smith and the College. Plaintiff relies upon Federal Rule of Civil Procedure 60(b)(6), which provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason

---

[6]Doc. no. 49.
[7]Doc. no. 50.
[8]Doc. no. 51.
[9]Doc. no. 52.

that justifies relief." Fed. R. Civ. P. 60(b)(6). "[A] Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'" *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000)).

Plaintiff argues that the May 18, 2010 order dismissing his claims against Smith and the College should be set aside because his *pro se* status placed him at a disadvantage throughout the litigation. Plaintiff requests the court to: reinstate all of his claims against Smith and the College; allow him the opportunity to add additional claims and/or parties; reopen discovery; and establish new deadlines for the filing of dispositive motions. In essence, plaintiff is asking the court to erase more than a year and a half of litigation history and allow him to start over from a new beginning point.

As the court has previously acknowledged, *pro se* parties are entitled to a level of leniency not afforded to litigants who are represented by counsel.[10] Even so, courts routinely hold that a party's *pro se* status is not an "exceptional circumstance" justifying relief from a final judgment under Rule 60(b)(6), especially where, as here, the court has expressly afforded the *pro se* party extra leniency. *See, e.g., Arrington*

---

[10]*See* doc. no. 46, at 4-5.

*v. United Parcel Service,* No. 09-12437, 2010 WL 2331314, at *2 (11th Cir. June 10, 2010) (slip copy) (holding that a plaintiff's *pro se* status did not constitute "extraordinary circumstances" to support equitable tolling of the statute of limitations); *Williams v. North Florida Regional Medical Center,* 164 Fed. Appx. 896, 899 (11th Cir. 2006) (holding that a *pro se* plaintiff's failure to carry her burden in responding to a motion for summary judgment did not warrant "exceptional circumstances" under Rule 60(b)(6)); *Provident Savings Bank v. Popovich,* 71 F.3d 696, 700 (7th Cir. 1995) (holding that the plaintiff's "*pro se* status . . . certainly does not rise to the level of an extraordinary circumstance entitling him to relief under Rule 60(b)(6)."); *Matarese v. LeFevre*, 801 F.2d 98, 107 (2nd Cir. 1986) (holding that the uneducated, incarcerated plaintiff's *pro se* status did not constitute an "exceptional circumstance" under Rule 60(b)(6)).

Plaintiff has not demonstrated any "exceptional circumstances" justifying relief from the May 18, 2010 judgment against him. As he has offered no other argument in support of his motion for reconsideration, the motion is due to be denied.

**B.     Motion to Dismiss for Lack of Prosecution**

Defendants Riverbend and Delano ask the court to dismiss plaintiff's claims against them for lack of prosecution. Those defendants assert that plaintiff has not sought any discovery from them, and that he has not responded to any of the

discovery requests they served upon him, despite being reminded to do so by defendants' counsel.[11] Plaintiff admits that he did not engage in any discovery, but he asks the court to excuse his failures because he was proceeding *pro se,* and he did not understand his discovery obligations. He insists that, now that he is represented by counsel, he will diligently comply with all discovery obligations.[12]

Plaintiff has offered no argument that convinces the court to allow him to continue his claims against Riverbend and Delano. First, and as a practical matter, granting plaintiff relief from the consequences of his failure to diligently pursue his claims against Riverbend and Delano would require the court to re-open discovery and essentially start from the beginning in a case that already has been pending for more than a year and a half. Additionally, plaintiff has offered no authority to support the proposition that his complete failure to pursue his claims against Riverbend and Delano for a year and a half should be excused solely because he was not represented by an attorney. Throughout this litigation, the court has been accommodating of plaintiff's *pro se* status. The court allowed plaintiff to amend his complaint on two occasions,[13] extended plaintiff's deadlines for effecting service of process on

---

[11]Doc. no. 48, at ¶¶ 6-9.

[12]*See* doc. no. 50 (plaintiff's response to show cause order), at ¶¶ 2-3; doc. no. 54 (plaintiff's response to defendant's motion to dismiss for lack of prosecution), at ¶¶ 4-5, 9-10, 13.

[13]*See* doc. no. 15 (Amended Complaint); doc. no. 28 (Second Amended Complaint).

Riverbend and Delano, and for responding to the motion for summary judgment filed by Smith and the College,[14] and allowed plaintiff to amend his evidentiary submission in opposition to summary judgment.[15]  The court need not also accommodate plaintiff by excusing him from his almost total failure to engage in the litigation process with Riverbend and Delano.  Excusing plaintiff's failures *simply because he formerly was proceeding pro se* would be tantamount to a rule that a case by a *pro se* plaintiff can never be dismissed for failure to prosecute.  Such a rule cannot be allowed in the interests of judicial economy.

The motion by defendants Riverbend and Delano to dismiss plaintiff's claims against them for failure to prosecute is due to be granted.

**C.  Conclusion and Orders**

In accordance with the foregoing, plaintiff's motion for reconsideration of the May 18, 2010 memorandum opinion and order dismissing his claims against defendants Shelia Smith and Northwest Shoals Community College is DENIED.

The motion by defendants Riverbend Center for Mental Health and Ken Delano to dismiss plaintiff's claims against them for failure to prosecute is GRANTED.  It is ORDERED that all claims against Riverbend and Delano are DISMISSED, without

---

[14] *See* orders entered on September 22, 2009.

[15] *See* order entered on October 27, 2009.

prejudice, for failure to prosecute.

As all of plaintiff's claims against all defendants now have been dismissed, the Clerk of Court is directed to close this file.  Costs are taxed to plaintiff.

DONE this 19th day of July, 2010.

_____
United States District Judge